**DAVID J. HARRIS, ESQUIRE**
**ATTORNEY FOR POPPLE CONSTRUCTION, INC.,**
**and RAYMOND WENDOLOWSKI, ESQUIRE**
PA S. Ct. No.: 48558
FL Bar No.: 0451207

69 Public Square, Suite 700
Wilkes-Barre, PA 18701
Telephone: (570) 823-9400
Facsimile: (570) 208-1400
E-Mail: dh@lawofficeofdavidharris.com

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EDWARD JAMES KAUSHAS, | : | Chapter 13 |
| | : | |
| Debtor | : | Case No: 5:18-bk-03293-RNO |

---

| | | |
|---|---|---|
| EDWARD JAMES KAUSHAS, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| POPPLE CONSTRUCTION INC., | : | |
| RAYMOND WENDOLOWSKI, ESQ. and | : | |
| BRUCE PHILLIPS ESQ., | : | |
| | : | |
| Defendants | : | Adversary No. 5:19-ap-00108-RNO |

---

**MOTION OF DEFENDANTS, POPPLE CONSTRUCTION INC. AND RAYMOND WENDOLOWSKI, ESQUIRE TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6) AS INCORPORATED BY FED. R. BANKR. P. 7012(b)**

---

The Defendants, POPPLE CONSTRUCTION INC. and RAYMOND WENDOLOWSKI, ESQUIRE (individually, an "Answering Defendant" and together, the "Answering Defendants"), by and through their counsel, David J. Harris, Esquire, move to dismiss the Amended Complaint of EDWARD JAMES KAUSHAS ("Kaushas") filed to, and identified by, the captioned

1

Adversary Case Number, because: (a) the Court lacks subject matter jurisdiction to hear the claims asserted by Kaushas; and (b) the Amended Complaint fails to state a claim upon which relief can be granted. *See,* Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as incorporation by Fed. R. Bankr. P. 7012(b). In support of this motion ("Motion"), the Answering Defendants assert the following:

### **Preliminary Statement**

Kaushas filed the Amended Complaint (hereinafter, "Complaint") alleging that the Answering Defendants violated the automatic stay in his chapter 13 bankruptcy case by participating in a hearing and procuring an Order from the Luzerne County Court of Common Pleas striking a default judgment taken by Kaushas on behalf of a client of his.[1] (*See*, ¶¶ 211 – 226, 274 and 335 of the Complaint.)

Kaushas alleged as well that the Answering Defendants violated the automatic stay by filing:

(a) a Petition to Enforce a Settlement Agreement between them, Defendant Phillips and Kaushas' client, Robert Brannon on behalf of Mr. Brannon's corporation, Contractors, Surveyors & Engineers, Inc. ("CSE") . (*See*, ¶¶ 227 – 232, 274 and 335 of the Complaint.); and

(b) a Petition for Sanctions due to Bad Faith, Obdurate and Vexatious Behavior of Counsel against Kaushas. (*See*, ¶¶ 233 – 238, 274 and 335 of the Complaint.);

As a result, Kaushas has asserted that he is entitled to damages and a declaration that the Order from the Luzerne County Court of Common Pleas striking a default judgment should be

---

[1] Kaushas filed a Complaint against the Answering Defendants in a prior Adversary Proceeding on March 26, 2019, but <u>voluntarily dismissed</u> that action after the Answer Defendants and other defendants filed a Motion to Dismiss based on the same defenses that have been raised in the present Motion. *See*, dismissed Adversary Proceeding filed to 5:19-ap-00031 and Kaushas's voluntary Motion to Dismiss at Dkt. 14 therein.

2

held to be void ab initio as having been issued in violation of the automatic stay (*See*, ¶¶ 245 – 255, 274 and 335 of the Complaint.), notwithstanding that:

(a) Kaushas was not a party to the state court action giving rise to the Order, but only served as co-counsel for one of the parties (*See*, Transcript attached to this Motion as Exhibit "A"); and

(b) to the extent that the automatic stay is relevant at all, Kaushas participated in the state court hearing without objection and without making a single expression to the Court of Common Pleas that he had filed a bankruptcy case, that a stay was in place, or that a ruling could in any way impact the administration of his bankruptcy case. (*See,* Transcript attached to this Motion as Exhibit "A.")

In *post-mortem* fashion, Kaushas now seeks to invoke the existence of the automatic stay in an attempt to get the Bankruptcy Court to provide him with a fourth bite of the apple after experiencing an adverse state court ruling.[2] Had the outcome in state court been in his favor, Kaushas would not be seeking to void the state court's Order, nor would he be asserting a damage claim here.

The Answering Defendants submit that the automatic stay does not apply to nullify the state court's Order here, because Kaushas was not a party to the state court proceeding. Instead, he was acting on behalf of a client. For this reason, damages are not warranted either.

For the sake of argument, if the Court concludes that the automatic stay did apply, Kaushas (a seasoned bankruptcy lawyer) implicitly consented to proceed with the state court

---

[2] After Kaushas voluntarily dismissed the Adversary Proceeding referenced in Footnote 1 herein, Kaushas sought a third bite of the apple in July of 2019 by proceeding on his own accord before the Court of Common Pleas where he filed on July 16, 2019 a "Petition to Vacate and/or Strike September 28, 2018 Order" that granted Popple's Petition to Strike Default Judgment filed on September 13, 2018. (*See*, Complaint ¶¶ 161-164.) In response to his Petition, the Court of Common Pleas ruled against him for a second time.

3

hearing <u>without objection and without notifying the state court of a pending bankruptcy filing</u>. As a result, any stay that existed would be voidable and applied retroactively, as Kaushas waived his right to invoke its existence and is now estopped from doing so. *In re Siciliano*, 13 F. 3d 748 (3d. Cir. 1993).

As a result, this Court does not have subject matter jurisdiction to hear Kaushas's claims. Moreover, his Complaint fails to state a claim for which relief can be granted for the reasons expressed herein and must be dismissed.

A copy of the Order issued by the Luzerne County Court of Common Pleas and the full transcript of the underlying hearing (*where Kaushas made absolutely no reference to a bankruptcy filing*) are attached to this Motion as <u>Exhibit "A"</u> and <u>Exhibit "B"</u> respectively. *As significant* to a determination on the present Motion is an email from Kaushas dated September 13, 2018 to Common Pleas Judge Richard Hughes's Chambers stating that, "My client CSE has agreed to Defendant's request to strike Default Judgment and release Garnishment. /s/ Edward J, Kaushas, Esq/CPA."

Kaushas's email is attached to this Motion as <u>Exhibit "C."</u>

## Facts in Support of the Preliminary Statement and the Dismissal of Kaushas's Complaint

1. The Defendant, Bruce Phillips, Esquire, now deceased ("Phillips") represented the Robert F. Brannon ("Brannon") and Mr. Bannon's company, Contractors, Surveyors and Engineers, Inc. ("CSE") in connection with two civil cases in the Luzerne County Court of Common Pleas that were commenced in 2010.[3]

---

[3] The material facts set forth in this Motion are drawn from the instant Complaint, the Transcript of a hearing before the Court of Common Pleas of Luzerne County, Pennsylvania that is attached to this Motion as <u>Exhibit "A,"</u> and from the pleadings, orders, and communications set forth on the other Exhibits attached to this Motion.

4

2. One of the cases was a suit initiated by the Answering Defendant, Popple Construction, Inc. ("Popple"), against Brannon, which was filed on January 26, 2010 to Docket No. 2010-cv-01109 that set forth claims arising out of nonpayment for work performed by Popple. The other was a suit initiated by CSE against Popple, which was filed on April 7, 2010 to Docket No. 2010-cv-04342 that alleged a breach of contract regarding topsoil screening and stock piling work that Popple had performed for Brannon and CSE. (Complaint at ¶¶ 12 – 14.)

3. The Answering Defendant, Raymond Wendolowski, Esquire ("Wendolowski") represented Popple in both cases.

4. When the two cases became inactive for approximately seven years, the state court issued Termination Notices in November 2017.

5. In response to the Termination Notices, Popple and CSE each filed Notices of Intention to Proceed.

6. After the cases were removed from the termination list, Wendolowski on behalf of Popple and Phillips on behalf of CSE agreed that Popple would have an open-ended enlargement of time to file an answer to CSE's complaint in case #2010-cv-04342.

7. At some point prior to January 22, 2018, Kaushas rented office space in a building in Plains Township, Pennsylvania where Phillips maintained his law office.

8. At that time, Phillips delegated a few of his files to Kaushas and informed Wendolowski that Kaushas would be working with him on the two pending "Popple cases," but that Phillips retained all decision making authority.

9. On or about January 22, 2018 before entering an appearance as co-counsel in either case, Kaushas sent a notice of default to Popple, which was in direct conflict with the agreement between Wendolowski and Phillips for an enlargement of time.

5

Case 5:19-ap-00108-HWV    Doc 11    Filed 12/12/19    Entered 12/12/19 09:53:54    Desc
Main Document    Page 5 of 18

10. Immediately upon receipt of the default notice, Wendolowski called Phillips, as counsel of record on the case, and Phillips assured Wendolowski that the default notice was filed in error, was effectively withdrawn, and that the agreement for enlargement of time remained in effect.

11. Despite the agreement by Phillips for an enlargement of time and despite the agreement by Phillips that the January 22, 2018 notice of default was in error and was effectively withdrawn, Kaushas entered a default judgment on March 20, 2018 for $140,000.00 in favor of CSE and against Popple.

12. Immediately upon receipt of the default judgment, Wendolowski again spoke with Phillips, who was shocked by Kaushas's conduct and immediately agreed that the default was entered in violation of the agreement between counsel for an enlargement of time and would be stricken by stipulation.

13. As a protective measure, on April 2, 2018, Popple filed its Answer, New Matter and Counterclaim in the case docketed to No. 4342-2010.

14. Without service upon Popple, Kaushas caused the wrongfully-entered, defective default judgment to be assigned to him by Assignment of Judgment instrument that was surreptitiously filed with the Prothonotary of the Court of Common Pleas of Luzerne County on or about July 25, 2018.

15. While negotiations ensued, a settlement that was agreed upon by all parties during a court conference initially failed to come into fruition.

16. As a result, Popple filed a Petition to Strike and/or Open Default Judgment, Strike Garnishment, Enforce Settlement Agreement and for Sanctions Due to Bad Faith, Obdurate and

6

Case 5:19-ap-00108-HWV    Doc 11    Filed 12/12/19    Entered 12/12/19 09:53:54    Desc
Main Document    Page 6 of 18

Vexatious Behavior of Counsel on September 13, 2018 ("Petition to Strike"). A copy of the Petition to Strike is attached to this Motion as <u>Exhibit "D."</u>

17. The Petition to Strike sought to strike the default judgment entered by Kaushas <u>on behalf of Brannon and/or CSE</u> and to assess sanctions against Kaushas.

18. The Petition to Strike alleged in great detail the history of all that had transpired, as is set forth as follows in relevant part:

    i. The March 20, 2018 default judgment was facially defective, because it was entered without providing a Notice of Intention to Take A Default Judgment as required by Pa. R.C.P. 237.1 (a)(2), as the January 22, 2018 notice was withdrawn by Phillips, who was sole counsel for CSE at the time; [Petition to Strike, ¶ 13][4]

    ii. The judgment was facially defective as it was for a sum that was not liquidated in the CSE Complaint and included attorney's fees and collections costs that were not alleged in the CSE Complaint; [Petition to Strike, ¶ 13]

    iii. Kaushas issued a series of e-mails that were attached to the Petition to Strike that threatened injunctions, fraudulent conveyance litigation, discovery in aid of execution, the filing of criminal charges against Popple's principal, and garnishment of Popple's bank accounts, if monies were not paid by Popple to Kaushas; [Petition to Strike, ¶ 17]

    iv. Wendolowski forwarded the threatening e-mails to Phillips and Phillips repeatedly assured Wendolowski that Kaushas's actions were in violation of Phillips' agreement to strike the wrongfully entered default judgment and that his client (Brannon

---

[4] All paragraph references are to paragraphs set forth in the Petition to Strike and/or Open Default Judgment, Strike Garnishment, Enforce Settlement Agreement and for Sanctions Due to Bad Faith, Obdurate and Vexatious Behavior of Counsel filed by Popple on September 13, 2018.

7

on behalf of CSE) continually disavowed the actions that Kaushas threatened; [Petition to Strike, ¶ 18]

v. The Court of Common Pleas scheduled a case conference for July 18, 2018 to address the dispute; [Petition to Strike, ¶ 19]

vi. Prior to July 18, 2018, Phillips, Brannon and Kaushas all proposed directly to Wendolowski and Popple that both cases should be resolved upon a mutual walk-away basis; [Petition to Strike, ¶ 20]

vii Popple's principal authorized Wendolowski to accept the walk-away settlement proposal offered by CSE and Brannon; [Petition to Strike, ¶ 21]

viii. At no time prior to July 18, 2018 was the mutual walk-away settlement offer withdrawn; [Petition to Strike, ¶ 21]

ix. Wendolowski and Phillips informed the Court on July 18, 2018 that Popple had accepted the mutual walk-away settlement and, after Kaushas had arrived at the conference late, Phillips and Wendolowski advised the Judge's clerk that the cases were settled by agreement of the parties and that a Stipulation to Strike Default Judgment and Discontinuances would be filed after execution of a Mutual General Release; [Petition to Strike, ¶ 22]

x. Wendolowski prepared the Stipulation and Mutual General Release and forwarded the documents to Phillips; [Petition to Strike, ¶ 23]

xi. Despite the valid Settlement Agreement reached on July 18, 2018, Brannon and CSE refused to sign the Mutual General Release or to execute the Stipulation to Strike the Default Judgment; [Petition to Strike, ¶ 24]

xii. Without service upon Popple, Kaushas caused the wrongfully-entered defective default judgment to be assigned to him by Assignment of Judgment filed on or about July 25, 2018; [Petition to Strike, ¶ 25]

xiii. Late on Friday, September 7, 2018, M&T Bank notified Popple that Kaushas, in the name of CSE, had garnished Popple's bank account in the amount of $145,000.00 (adding an additional $5,000.00 in attorney's fees without legal basis); [Petition to Strike, ¶ 26]

xiv. Kaushas failed to serve the garnishment/execution documents upon Wendolowski or Popple; [Petition to Strike, ¶ 26]

xv. As a result of the foregoing, the Court held an emergency conference September 10, 2018 and scheduled a hearing for September 14, 2018; and [Petition to Strike, ¶ 27]

xvi. At the September 10, 2018 emergency conference, Kaushas represented to counsel and the Court that no further actions would be taken to further execute upon the Default Judgment. [Petition to Strike, ¶ 27.]

19. Shortly after surreptitiously taking an assignment of the wrongfully-entered default judgment, Kaushas filed a Petition under Chapter 13 of the Bankruptcy Code on August 4, 2018.

20. <u>At no time</u> did Kaushas, a bankruptcy lawyer, advise the state court of his bankruptcy filing. (See Transcript attached to this Motion as <u>Exhibit "A."</u>

21. <u>At no time</u> did Kaushas, a bankruptcy lawyer, inform the court of Common Pleas of his bankruptcy filing, nor did he seek to stay the September 14, 2018 hearing from proceeding

Case 5:19-ap-00108-HWV    Doc 11    Filed 12/12/19    Entered 12/12/19 09:53:54    Desc
Main Document    Page 9 of 18

or indicate to the state court that the proceeding would in any way have an impact on a pending bankruptcy case.

22. <u>Further</u>, Kaushas *on behalf of CSE* filed an Answer to the Petition to Open/Strike on or about September 15, 2018 and *nowhere* in the Answer did he advise the state court of his bankruptcy filing of August 4, 2018, nor did he object to the hearing taking place. A copy of Kaushas's Answer is attached to this Motion as <u>Exhibit E</u>."

23. Moreover, on September 13, 2018, Kaushas sent an email to Common Pleas Judge Richard Hughes's Chambers stating that, "My client CSE has agreed to Defendant's request to strike Default Judgment and release Garnishment. /s/ Edward J, Kaushas, Esq/CPA." *See*, <u>Exhibit "C."</u>

24. On September 28, 2018, the Court of Common Pleas after a hearing and sworn testimony issued an Order ruling as follows:

    (A) the default judgment is striken;

    (B) the garnishment at M&T Bank is striken and lifted;

    (C) the Mutual Settlement Agreement and Release is valid and enforceable; and

    (D) Kaushas is ordered to pay Popple's attorney's fees within 15 days from the date of the submission of an invoice to him.

A copy of the Order is attached to this Motion as <u>Exhibit "A</u>."

**<u>Legal Basis for Dismissal of Kaushas's Complaint</u>**

I. **<u>The Automatic Stay</u>**

    A. **<u>The Stay Is Not Applicable Here</u>**

25. Under section 362 of the Bankruptcy Code, an automatic stay goes into effect when a bankruptcy petition is filed. It provides a breathing spell to a debtor and protects creditors

10

against one creditor unilaterally acting to the detriment of others. *In re Vitale,* 469 B.R. 595, 597 (Bankr. W.D. Pa. 2012); *In re Porter,* 371 B.R. 739, 746 (Bankr. E.D. Pa. 2007).

26. Section 362(a)(1) of the Bankruptcy Code stays the commencement or continuance of an action against a debtor that was or could have been commenced pre-petition to recover on a pre-petition claim against a debtor. The automatic stay has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631, 637 (3d Cir.1998); *In re Miller*, 501 B.R. 266, 277 (Bankr.E.D.Pa.2013).

27. In the matter before the Court today, <u>there has been no action taken against Kaushas</u>, short of his being sanctioned by the state court for having improperly entered a default judgment on behalf of his client and not following through with a settlement that he previously agreed to in open court prior to his bankruptcy filing.

28. Section 362(a)(2) of the Bankruptcy Code stays the enforcement against a debtor, or against property of his bankruptcy estate, of a judgment obtained before the commencement of the bankruptcy case.

29. In the matter before the Court today, no party seeks to enforce a pre-petition judgment against Kaushas or against his property.

30. Instead, the state court hearing was convened to address whether Kaushas <u>in his capacity as counsel</u> for CSE improperly entered a default judgment against Popple. The fact that Kaushas surreptitiously took an assignment of the default judgment should not bring the hearing within protection of the automatic stay's protective umbrella, particularly since Kaushas proceeded with the hearing <u>without objection or disclosure of his bankruptcy filing</u>.

### B. If a Stay Existed It Was Waived By Kaushas's Failure to Invoke its Protection and His Intentional Failure to Apprise the State Court of His Bankruptcy Filing

31. Kaushas appeared before the state court to defend his action on behalf of his client, CSE. The entire transcript of that hearing is attached to this Motion as <u>Exhibit "A</u>."

32. <u>Nowhere</u> does the transcript reflect that Kaushas apprised the Court of his bankruptcy filing, nor did he object to the hearing taking place.

33. If, for the sake of argument, the Court concludes that a stay did apply, Kaushas (a seasoned bankruptcy lawyer) proceeded with the state court hearing without objection and without notifying state court of the pendency of his bankruptcy filing. As a result, the stay is voidable retroactively, as Kaushas effectively waived any right to invoke its existence and therefore, he is estopped from doing so now. *In re Siciliano*, 13 F. 3d 748 (3d. Cir. 1993).

34. The strong majority of Courts of Appeals, including the Third Circuit, hold that actions taken in violation of the stay are voidable, not void, <u>permitting an action to take effect if not objected to</u>. See, *In re Siciliano*, 13 F. 3d 748 (3d Cir. 1994); *In re Jones*, 63 F. 3d 411 (5th Cir. 1995); *Branson v. United States*, 46 F. 3d 1523 (Fed. Cir. 1995); *Easley v. Pettibone Michigan Corp*., 990 F. 2d 905, 911 (6th Cir. 1993); *Job v. Calder*, 907 F.2d 953 (10th Cir. 1990); *Sikes v. Global Marine, Inc*., 881 F.2d 176, 178 (5th Cir. 1989).

35. The Court of Appeals for the Third Circuit in particular held in *In re Siciliano* that, because <u>a court can retroactively annul</u> the automatic stay under section 362(d), it can validate proceedings that would otherwise be void ab initio. *In re Siciliano* at p. 748, 751-752. The Court noted that, "[w]e find it significant that the Code expressly permits certain post-petition transactions that occur in violation of the automatic stay. Some transactions, for example, will be considered valid unless voided by the trustee. *Id*., p. 752, fn. 2.

36. According to Judge Scholl in *In re Izzi*, "[t]he 'exception' referenced in *Siciliano* is where … [a] creditor seeks to annul the automatic stay…[where] this court therein held that the extremely extraordinary circumstance in which annulment of the stay is appropriate includes… *where the debtor is proven to have intentionally concealed a bankruptcy filing… Id.* at 1007-13.'" *In re Izzi*, 196 BR 727, 730 (Bankr. E.D. Pa. 1996). (Emphasis added.)

37. There can be no dispute that Kaushas's intentional failure to disclose his bankruptcy filing to the Court of Common Pleas and his continuing with the hearing falls squarely within the type of exception contemplated by *In re Siciliano* and *In re Izzi*.

38. It would be a stretch for Kaushas to argue that his failure to apprise the state court of his bankruptcy filing in numerous pleadings was inadvertent, particularly since the hearings before the state court were prolonged and required preparation following the case conference that was held several days prior to the initial hearing where an objection could have been raised… *particularly, by a seasoned bankruptcy attorney*.

39. For these reasons, it is submitted that the stay does not apply to the matter before the Court today, because Kaushas <u>was not a party</u> to the state court proceeding and, even if the stay is determined to have applied, Kaushas <u>waived the right</u> to invoke it by his participation at the hearing and his failure to assert bankruptcy protection.

## II. <u>Rule 12(b)(1) Motion to Dismiss – Lack of Subject Matter Jurisdiction</u>

### A. <u>Generally</u>

40. Federal Rule of Civil Procedure 12(b)(1) is applicable to bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012(b)(1). The Rule provides that the defense of lack of subject matter jurisdiction may be raised by motion. *CNA v. U.S.* 535 F.3d 132, 139 (3d Cir. 2008); *Gould Electronics, Inc. v. U.S.* 220 F.3d 169, 176 (3d Cir. 2000).

13

Case 5:19-ap-00108-HWV    Doc 11    Filed 12/12/19    Entered 12/12/19 09:53:54    Desc
Main Document      Page 13 of 18

41. Federal courts are courts of limited jurisdiction. Rule 12(b)(1) provides that a federal court may dismiss a complaint for lack of subject matter jurisdiction. Such a motion challenges the power of the federal court to hear a claim or case. *Democracy Rising PA v. Celluci,* 603 F. Supp.2d 780, 788 (M.D. Pa. 2009). The court may consider the lack of subject matter jurisdiction at any time. Fed. R. Bankr. P. 7012(h)(3).

42. A Rule 12(b)(1) challenge to the Court's subject matter jurisdiction can be a "facial attack" that contests the sufficiency of a pleading. *Common Cause of PA v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009).

43. For purpose of a "facial attack," the court accepts as true all well-pleaded factual allegations, viewing them in the light most favorable to the party asserting jurisdiction. *In re Kaiser Group Int'l, Inc.,* 399 F.3d 558, 561 (3d Cir. 2005).

44. Alternatively, a Rule 12(b)(1) challenge to the Court's subject matter jurisdiction can be a be a "factual attack."

45. In a "factual attack," the face of the pleadings satisfies jurisdictional requirements. However, at least one of the allegations is demonstrably untrue, negating the court's jurisdiction. When there is a factual attack, the court may look beyond the four corners of the complaint and weigh the evidence to determine if it has jurisdiction. *In re AE Liquidation, Inc.,* 435 B.R. 894, 900 (Bankr. D. Del. 2010); *Cunningham v. Lenape Regional High Dist. Bd. Of Educ.,* 492 F. Supp. 2d 439, 447 (D. N.J. 2007).

46. In the case before the Court today, a "facial attack" of Kaushas's Complaint leads to the conclusion that his Complaint is insufficient on its face to provide this Court with subject matter jurisdiction: (A) the automatic stay was inapplicable at the outset, because no party sought to take action against Kaushas for a pre-petition obligation; and (B) none of the Defendants

sought to enforce a judgment against him or against his property with respect to a pre-bankruptcy judgment.

47. If the Court concludes that, on its face, Kaushas's Complaint satisfies the jurisdictional requirement, then a "factual attack" can be made, as follows: While he makes no reference his Complaint, Kaushas participated in the hearing without objection and without apprising the Court of his bankruptcy filing. Factually, *he consented to the jurisdiction of the state court and has effectively waived jurisdiction* before this Court. Again, he cannot have four bites of the apple.

### B. The Rooker-Feldman Doctrine By Analogy

48. While Kaushas does not expressly attack the holding of the state court, his attempt to have its Order held to be void ab initio is an end-around means for doing so. In effect, Kaushas seeks to have this Court reverse or modify a final state court judgment, an action that is explicitly proscribed by the *Rooker-Feldman* Doctrine, giving rise to a dismissal for a lack of subject matter jurisdiction.

49. As this Court has held on many occasions, federal courts generally lack subject matter jurisdiction to engage in appellate review of state court determinations. *Reisinger v. Luzerne County,* 712 F.Supp.2d 332, 345 (M.D. Pa. 2010); *Ogilvie v. Nationstar Mortgage, LLC*, *et al.*, Adv. No. 5:15-ap-00008-RNO (M.D. Pa. 2015)

50. While all four of the elements that are necessary to invoke the *Rooker-Feldman* Doctrine do not exist here, the Doctrine should nevertheless be applied by analogy.

51. For the Doctrine to apply, the following elements must be met: (1) the plaintiff must have lost in state court; (2) the plaintiff now complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the

15

Case 5:19-ap-00108-HWV    Doc 11    Filed 12/12/19    Entered 12/12/19 09:53:54    Desc
Main Document    Page 15 of 18

plaintiff invites the federal court to review and reject the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010); *Cain-Griffin v. New Jersey,* 2015 WL 1497006, *1 (D.N.J. Mar. 31, 2015).

52. Here, three of the four *Rooker-Feldman* elements are met: Kaushas lost in state court, he complains of injury caused by the state court judgment, and he is inviting this Court to review and reject the state court judgment.

53. As to the "missing" element, the Defendants submit that, while the state court judgment was rendered after Kaushas's bankruptcy case was filed, <u>his participation in the hearing and non-disclosure of his bankruptcy case should nullify the need to satisfy this element</u> of *Rooker-Feldman* and the Doctrine should therefore be applied to prevent Kaushas from having the opportunity to have this Court effectively reverse or modify a final state court judgment. A failure to dismiss this case will provide Kaushas with a second bite of the apple, with a clear understanding that, had the state court ruling been in his favor, he would not be here today arguing that the state court Order should be found to be void ab initio.

### Rule 12(b)(6) Motion to Dismiss
### Failure To State a Claim For which Relief Can be Granted

54. For the reasons set forth in the previous paragraphs of this Motion, Kaushas has failed to state a claim upon which relief can be granted and, as a result, his Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to meet the criteria to state a claim for which relief can be granted as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.C.t. 1955, 167 L.Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 129 S.C.t. 1937, 173 L.Ed. 2d 868 (2009).

54. First, the automatic stay was not applicable at the time of the hearing as Kaushas <u>was not a party to the state court action giving rise to the Order</u>, but only served as co-counsel for one of the parties to the state court action.

55. Second, to the extent that the automatic stay is relevant at all, Kaushas participated in the state court hearing <u>without objection and without making a single expression to the court that he had a pending bankruptcy case</u> or that a ruling could in any way impact the administration of his bankruptcy case. Therefore, he cannot now complain that the state court Order that resulted is void ab initio to get a second, third (or as stated earlier, a fourth) bite of the apple. Moreover, <u>Kaushas consented to striking the default judgment and so advised the state court</u>. (See email attached to this Motion as Exhibit "C.")

56. The standards for considering a dismissal motion under Rule 12(b)(6) have been discussed at length in two Supreme Court decisions. In 2007, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) was decided. Its holding was clarified by the Court two years later in *Ashcroft v. Iqbal*, 129 S.C.t. 1937, 173 L.Ed. 2d 868 (2009). In *Twombly,* the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detail factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (quotations and citations omitted.) The Court further elaborated in *Iqbal* that a complaint requires more than naked assertions devoid a factual enhancement, it must be plausible on its face:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that the defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with

a defendant's liability, it stops short on the line between possibility and plausibility of entitlement to relief.

*Iqbal* at 1949 (citations and quotations omitted).

57. For the reasons set throughout this Motion, Kaushas has failed to state any claims for which relief can be granted.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this Honorable Court dismiss Kaushas Complaint *with prejudice,* because this Court lacks subject matter jurisdiction and the Complaint in every respect fails to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED:

Dated: December 12, 2019     BY: /s/ David J. Harris, Esquire
        Wilkes-Barre, Pennsylvania         DAVID J. HARRIS, ESQUIRE