**DAVID J. HARRIS, ESQUIRE**
**ATTORNEY FOR POPPLE CONSTRUCTION, INC.,**
**and RAYMOND WENDOLOWSKI, ESQUIRE**
**PA S. Ct. No.: 48558**
**FL Bar No.: 0451207**

**69 Public Square, Suite 700**
**Wilkes-Barre, PA 18701**
**Telephone: (570) 823-9400**
**Facsimile: (570) 208-1400**
**E-Mail:    dh@lawofficeofdavidharris.com**

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EDWARD JAMES KAUSHAS, | : | Chapter 13 |
| | : | |
| Debtor | : | Case No: 5:18-bk-03293-RNO |

| | | |
|---|---|---|
| EDWARD JAMES KAUSHAS, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| POPPLE CONSTRUCTION INC., | : | |
| RAYMOND WENDOLOWSKI, ESQ. and | : | |
| BRUCE PHILLIPS ESQ., | : | |
| | : | |
| Defendants | : | Adversary No. 5:19-ap-00108-RNO |

**BRIEF OF**
**POPPLE CONSTRUCTION INC. AND RAYMOND WENDOLOWSKI, ESQ.**
**IN REPLY TO PLAINTIFF'S BRIEF OPPOSING THEIR MOTION TO DISMISS**

The Defendants, POPPLE CONSTRUCTION INC. and RAYMOND WENDOLOWSKI, ESQ. (the "Answering Defendants"), by and through their counsel, David J. Harris, Esquire, file this Brief in Reply to the Brief of the Plaintiff, Edward James Kaushas ("Kaushas"), in his Opposition to Answering Defendants' Motion to Dismiss ("Motion to Dismiss"), as follows:

1

Kaushas asserts in his Brief that the Answering Defendants in their Motion to Dismiss:

(A) intentionally misstated 11 U.S.C. §362(a)(1) by materially omitting language from that Bankruptcy Code section; and

(B) made intentional misstatements of law with respect to the Opinions of *In re Siciliano*, 13 F. 3d 748 (3d. Cir. 1993) and *In re Izzi*, 196 BR 727 (Bankr. E.D. Pa. 1996).

This Brief in Reply will address Kaushas's assertions, as each is blatantly false.

The Motion to Dismiss does not attempt to reduce the scope of Section 362(a)(1) in any manner.

Kaushas asserts that Answering Defendants omitted the following language when making a reference to Section 362(a)(1) in their Motion:

> "the commencement or continuation, <u>including the issuance or employment of process, of a judicial, administrative, or other action or proceeding</u> against the debtor that was or could have been commenced <u>before the commencement of the case under this title</u>, or to recover a claim against the debtor that arose before the commencement of the case under this title." (Kaushas' emphasis shown.)(See Kaushas's Brief at p. 3)

By doing so, Kaushas argues that the "Motion to Dismiss attempts to reduce the scope of 11 U.S.C. §362(a)(1)" and that his claim asserts a violation based on the quoted language, which the Answering Defendants intentionally omitted.

In response, had Kaushas reviewed the Motion to Dismiss carefully, he would see that the quoted language was set forth in Paragraph 26 and then addressed throughout the Motion.

In Paragraph 25 of the Motion, the Answering Defendants argued that the automatic stay was not applicable in the present case with an introduction that, "…an automatic stay goes into effect when a bankruptcy petition is filed. It provides a breathing spell to a debtor and protects

2

creditors against one creditor unilaterally acting to the detriment of others. *In re Vitale,* 469 B.R. 595, 597 (Bankr. W.D. Pa. 2012); *In re Porter,* 371 B.R. 739, 746 (Bankr. E.D. Pa. 2007)."

The Answering Defendants then present clearly in Paragraph 26 that, "Section 362(a)(1) of the Bankruptcy Code stays the commencement or continuance of an action against a debtor that was or could have been commenced pre-petition to recover on a pre-petition claim against a debtor. The automatic stay has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." *In re Krystal Cadillac Oldsmobile GMC Truck, Inc*., 142 F.3d 631, 637 (3d Cir.1998); *In re Miller*, 501 B.R. 266, 277 (Bankr.E.D.Pa.2013)." (See ¶¶ 25 and 26 of Answering Defendants' Motion to Dismiss.)

In Paragraph 26, the Answering Defendants expressly and unequivocally state what Kaushas declares was omitted in their Motion.

Further throughout the Motion, the Answering Defendants argued that Section 362(a)(1) in its entirety was not applicable for numerous reasons, including that Kaushas was not a party, but merely served as co-counsel in the state court action that yielded a state court order striking the default judgment that Kaushas entered on behalf of his client, Robert Brannon on behalf of Mr. Brannon's corporation, Contractors, Surveyors & Engineers, Inc. ("CSE"), that Kaushas surreptitiously had assigned to himself. (See, ¶¶ 25-30 of the Motion to Dismiss.)

Acknowledging the impact of Section 362(a)(1) in its entirety, Answering Defendants argued that, even if a stay existed, Kaushas waived the right to assert the protection of that Section because:

(A) <u>*Kaushas, himself, initiated an execution action*</u> on September 7, 2018 against Answering Defendant, Popple Construction Inc. ("Popple"), by way of a garnishment *after*

3

Case 5:19-ap-00108-HWV    Doc 19    Filed 02/04/20    Entered 02/04/20 15:28:09    Desc
Main Document      Page 3 of 7

Kaushas had filed a bankruptcy petition on August 4, 2018 that Popple was compelled to defend in state court by filing a Petition to Strike Judgment on September 9, 2018;

(B) nowhere in his Answer to the Petition to Strike Judgment did Kaushas mention a pending bankruptcy filing. (See, Exhibit "B" of the Motion to Dismiss);

(C) nowhere in his testimony and argument before the Court of Common Pleas does Kaushas assert that he filed a bankruptcy petition. (See, Exhibit "A" of the Motion to Dismiss); and

(D) at no time did Kaushas, a seasoned bankruptcy attorney, seek a stay of the state Court action in this Court. (See, *entire docket* in the present bankruptcy case.)

Aside from wrongfully stating that the Answering Defendants limited the scope of Section 362, Kaushas also wrongfully declares that the Answering Defendants made intentional misstatements of law with respect to the Opinions of *In re Siciliano*, 13 F. 3d 748 (3d. Cir. 1993) and *In re Izzi*, 196 BR 727 (Bankr. E.D. Pa. 1996).

In response to that statement, Answering Defendants presented in their Motion the analysis and conclusions from each of the two Opinion accurately, in context, and without modification, where they stated the following:

> "If, for the sake of argument, the Court concludes that a stay did apply, Kaushas (a seasoned bankruptcy lawyer) proceeded with the state court hearing without objection and without notifying state court of the pendency of his bankruptcy filing. As a result, the stay is voidable retroactively, as Kaushas effectively waived any right to invoke its existence and therefore, he is estopped from doing so now. *In re Siciliano*, 13 F. 3d 748 (3d. Cir. 1993). (¶ 33 of the Motion to Dismiss.)
>
> The strong majority of Courts of Appeals, including the Third Circuit, hold that actions taken in violation of the stay are voidable, not void, permitting an action to take effect if not objected to. See, *In re Siciliano*, 13 F. 3d 748 (3d Cir. 1994); *In re Jones*, 63 F. 3d 411 (5th Cir. 1995); *Branson v. United States*, 46 F. 3d 1523 (Fed. Cir. 1995); *Easley v. Pettibone Michigan Corp.*, 990 F. 2d 905, 911 (6th Cir. 1993);

*Job v. Calder*, 907 F.2d 953 (10th Cir. 1990); *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989). (¶ 34 of the Motion to Dismiss.)

The Court of Appeals for the Third Circuit in particular held in *In re Siciliano* that, because a court can retroactively annul the automatic stay under section 362(d), it can validate proceedings that would otherwise be void ab initio. *In re Siciliano* at p. 748, 751-752. The Court noted that, "[w]e find it significant that the Code expressly permits certain post-petition transactions that occur in violation of the automatic stay. Some transactions, for example, will be considered valid unless voided by the trustee. *Id.*, p. 752, fn. 2. (¶ 35 of the Motion to Dismiss.)

According to Judge Scholl in *In re Izzi*, "[t]he 'exception' referenced in *Siciliano* is where … [a] creditor seeks to annul the automatic stay…[where] this court therein held that the extremely extraordinary circumstance in which annulment of the stay is appropriate includes… *where the debtor is proven to have intentionally concealed a bankruptcy filing… Id.* at 1007-13.'" *In re Izzi*, 196 BR 727, 730 (Bankr. E.D. Pa. 1996). (Emphasis added.) (¶ 36 of the Motion to Dismiss.)

There can be no dispute that Kaushas's intentional failure to disclose his bankruptcy filing to the Court of Common Pleas and his continuing with the hearing falls squarely within the type of exception contemplated by *In re Siciliano* and *In re Izzi*. (¶ 37 of the Motion to Dismiss.)

It would be a stretch for Kaushas to argue that his failure to apprise the state court of his bankruptcy filing in numerous pleadings was inadvertent, particularly since the hearings before the state court were prolonged and required preparation following the case conference that was held several days prior to the initial hearing where an objection could have been raised… *particularly, by a seasoned bankruptcy attorney*. (¶ 38 of the Motion to Dismiss.)"

All references above are accurate and in context. The language of the Court of Appeals for the Third Circuit in *In re Siciliano* above are direct quotes, where the Court of Appeals stated that, "…we agree with …[the lender's] contention that the inclusion of the words "annulling" in the statute indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void ab initio. As the Fifth Circuit has acknowledged, "[t]he power to annul authorizes the Court to validate actions taken subsequent to the impressing of the section 362(a) stay." (Citations omitted). (*Siciliano* at p. 751)

5

The *Siciliano* Court also stated expressly that, "…we conclude that the bankruptcy court erred when it dismissed …[the lender's] motion for relief from the November 17, 1991 automatic stay as void, not voidable. Pursuant to section 362(d), the Bankruptcy Court had authority to grant an annulment of the stay. If it had done so, the post-petition sheriff's sale would have been validated as an exception to the void ab initio rule.

Answering Defendants have quoted the language from *Siciliano* verbatim and in context and present the analysis of the *Siciliano* Opinion, along with the *Izzi* Opinion to argue that this Court can retroactively validate proceedings that would otherwise be void ab initio, if certain circumstances existed (i.e., the Kaushas's actions as set forth above and as outlined below and in the Motion for Relief).

In summary, the actions giving rise to the application of *Siciliano* and *Izzi* include the following:

1. Kaushas was not a party, but only served as counsel, in the state court action giving rise to the state order that struck Kaushas's garnishment against Popple following his bankruptcy filing;

2. Kaushas, a seasoned bankruptcy attorney, initiated an execution proceeding against Popple and now seeks the shield of the automatic stay, which would leave Popple defenseless against the improper garnishment against it;

3. Kaushas participated in the state court hearing (*and initiated a state court appeal or motion for reconsideration*) without objection and without making a single expression to the state court that he filed a bankruptcy case;

6

4. Kaushas, a seasoned bankruptcy attorney, did not seek relief in the Bankruptcy Court to stay the state court action;

5. Kaushas participated in the state court action and, as reflected in the hearing transcript and in all pleadings, never once sought a stay in state court as a result of his bankruptcy filing.

6. After two attempts in state court and one earlier attempt in Bankruptcy Court, Kaushas now he seeks a fourth bite of the apple with respect to his bogus claim against the Answering Defendants; and

7. Kaushas expressly stated in an email to state court Judge Richard M. Hughes, III: "My client, CSE, has agreed to defendant's request to strike default judgment and relief garnishment." The e-mail is a black-and-white admission. (See, Exhibit "C" of Answering Defendants' Motion to Dismiss.)

WHEREFORE, for all of the foregoing reasons and for those set forth in the Motion to Dismiss, it respectfully requested that this Honorable Court dismiss the Kaushas's Amended Complaint, as its fails to state a claim for which relief can be granted. Further, this Court lacks subject matter jurisdiction over the issues presented by Kaushas.

RESPECTFULLY SUBMITTED:

Dated: February 4, 2020     BY: /s/ David J. Harris, Esquire\_\_\_\_\_
      Wilkes-Barre, Pennsylvania         DAVID J. HARRIS, ESQUIRE