IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| EDWARD JAMES KAUSHAS | Chapter: 13 |
| | Case Number: 5:18-bk-03293-RNO |
| Debtor(s) | |
| EDWARD JAMES KAUSHAS | Adversary Number: 5:19-ap-00108-RNO |
| Plaintiff(s) | |
| v. | |
| POPPLE CONSTRUCTION, INC., RAYMOND WENDOLOWSKI, ESQ., AND BRUCE PHILLIPS, ESQ. | Document No.: 11 |
| | Nature of Proceeding: Motion to Dismiss Adversary Proceeding |
| Defendant(s) | |

## OPINION[1]

Plaintiff filed an Amended Adversary Complaint alleging Defendants willfully violated the automatic stay. Subsequently, Movants filed a Motion to Dismiss. For the reasons stated below, the Motion to Dismiss will be denied.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II. FACTS AND PROCEDURAL HISTORY

Bruce Phillips, Esquire ("Phillips"), now deceased, represented Robert F. Brannon ("Brannon") and Brannon's company, Contractors, Surveyors, and Engineers, Inc. ("CSE"), in two civil cases in the Luzerne County Court of Common Pleas ("State Court Actions"). The first case, Popple Construction, Inc. v. Robert Brannon, was filed on January 26, 2010, (2010-cv-

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1109) ("First State Court Action"). The second case, Contractors, Surveyors, and Engineers, Inc. v. Popple Construction, Inc., was filed on April 7, 2010, (2010-cv-4342) ("Second State Court Action"). In both cases, Raymond Wendolowski, Esquire ("Wendolowski") represented Popple Construction, Inc. ("Popple") (collectively with Wendolowski, "Movants").

In January of 2018, Phillips began working with Edward J. Kaushas, Esquire ("Plaintiff") on both of the State Court Actions. On March 20, 2018, Plaintiff, on behalf of CSE, entered a Default Judgment of $140,000.00 in favor of CSE and against Popple in the Second State Court Action ("Default Judgment").

On July 24, 2018, Brannon and CSE assigned the Default Judgment to Plaintiff ("Assignment"). Soon thereafter, Plaintiff filed the Assignment with the Prothonotary of the Court of Common Pleas of Luzerne County.

On August 4, 2018, Plaintiff filed his voluntary Chapter 13 bankruptcy case (5:18-bk-3293).

On September 13, 2018, Wendolowski, on behalf of Popple, filed a Petition to Strike and/or Open Default Judgment, to Strike Garnishment, to Enforce Settlement Agreement, and for Sanctions Due to Bad Faith, Obdurate and Vexatious Behavior of Plaintiff ("State Court Petition"). On September 28, 2018, the court in the Second State Court Action entered an order striking the Default Judgment, striking and lifting the garnishment, validating the mutual settlement agreement, and sanctioning Plaintiff in the amount of the attorneys' fees incurred by Movants in pursuit of the State Court Petition ("State Court Petition Order").

On October 28, 2019, Plaintiff commenced an adversary proceeding (5:19-ap-108). On the same day, Plaintiff filed a two-count Amended Adversary Complaint ("Amended Adversary Complaint") against Movants and Phillips (collectively, "Defendants"). Count I alleges Movants

2

willfully violated 11 U.S.C. § 362(a)(1) & (3)[2] which permits Plaintiff to recover actual damages pursuant to § 362(k). Count II alleges Phillips willfully violated § 362(a)(3), and therefore, Plaintiff is entitled to recover actual damages pursuant to § 362(k).[3]

On December 12, 2019, Movants filed a Motion to Dismiss ("Motion to Dismiss") Count I of the Amended Adversary Complaint. After multiple continuances, a hearing was held on the Motion to Dismiss on April 9, 2020 ("Hearing").

Briefs have been filed in support of, and in opposition to, the Motion to Dismiss. The Motion to Dismiss is now ripe for decision.

### III. DISCUSSION

#### A. Standards of Review for a Motion to Dismiss Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(1) & (6).

1. *Federal Rule of Bankruptcy Procedure 7012(b)(1) Standard of Review.*

Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012(b) makes Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)–(i) applicable to bankruptcy adversary proceedings. F.R.C.P. 12(b)(1) requires dismissal of a complaint if the bankruptcy court lacks subject matter jurisdiction. *In re Schatz*, 452 B.R. 544, 551 (Bankr. M.D. Pa. 2011). The plaintiff bears the burden of proof that jurisdiction does, in fact, exist. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (citations omitted). Additionally, the *Mortensen* court provided:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

[3] Count II of the Amended Adversary Complaint is not at issue in the Motion to Dismiss, and neither Phillips nor his estate has filed a response to the Amended Adversary Complaint.

3

> short, no presumptive truthfulness attaches to plaintiff's
> allegations, and the existence of disputed material facts will not
> preclude the trial court from evaluating for itself the merits of
> jurisdictional claims. Moreover, the plaintiff will have the burden
> of proof that jurisdiction does in fact exist.

*Id.* at 891.

A court's subject matter jurisdiction can be attacked either facially or factually. *Schatz*, 452 B.R. at 551. When weighing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). When weighing a factual challenge, "the court may consider evidence outside the pleadings." *Id.* (citations omitted).

  2.  *Federal Rule of Bankruptcy Procedure 7012(b)(6) Standard of Review.*

F.R.B.P. 7012(b) makes F.R.C.P. 12(b)–(i) applicable to bankruptcy adversary proceedings. F.R.C.P. 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Supreme Court heightened this pleading standard by holding that for a complaint to withstand a motion to dismiss, a claim must be more than possible, it must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). Additionally, *Twombly* advises that while detailed factual allegations are not required in a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Two years later, the Supreme Court went further to define "facial plausibility":

4

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a probability requirement, but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations and quotations omitted).

At the motion to dismiss stage, only well pled facts are viewed in the light most favorable to the non-moving party, in this case, the Plaintiff. Alternatively, legal conclusions are not assumed to be correct at the motion to dismiss stage. In *Iqbal*, Justice Kennedy wrote:

> While legal conclusions can provide the framework of a complaint,
> they must be supported by factual allegations. When there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement to relief.

*Iqbal*, 556 U.S. at 679. The Third Circuit has also provided guidance on the differing standards regarding a complaint's alleged facts and legal conclusions at the motion to dismiss stage:

> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a plausible
> claim for relief. In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to
> "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted). When deciding a motion to dismiss, the court may consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D. Del., Jan. 30, 2015). Additionally, the court may consider an indisputably authentic document which a

5

defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *see also*, *Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

Furthermore, the Federal Rules of Evidence ("F.R.E.") apply to proceedings before United States Bankruptcy Judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. BAP 2001). F.R.E. 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket events in a case, contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12 n. 19 (Bankr. E.D. Pa., Jan. 11, 1991).

**B. Movants' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) Is Denied.**

The Motion to Dismiss argues that (1) the Court lacks subject matter jurisdiction to hear the claims asserted in Count I of the Amended Adversary Complaint pursuant to F.R.B.P. 7012(b)(1); and (2) Count I of the Amended Adversary Complaint fails to state a claim upon which relief can be granted pursuant to F.R.B.P. 7012(b)(6). Count I of the Amended Adversary Complaint alleges Movants willfully violated the automatic stay imposed by § 362(a)(1) & (3). As such, Plaintiff seeks a damage award under § 362(k) for Movants' willful violation.

One of the hallmarks of bankruptcy protection is the automatic stay. *In re Thomas*, 529 B.R. 628, 635 (Bankr. W.D. Pa. 2015). Generally, § 362(a) protects a debtor from creditors' actions, including:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been

> commenced before the commencement of the case under this title,
> or to recover a claim against the debtor that arose before the
> commencement of the case under this title.

11 U.S.C. § 362(a)(1). Section 362 also protects a debtor from any act by a creditor "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). If a creditor violates the automatic stay, § 362(k)(1) provides that an individual debtor who is "injured by any willful violation of [the automatic stay] . . . shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages."

A "willful" violation of the automatic stay occurs when the debtor shows, by a preponderance of the evidence, that: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the violation caused actual damages. *In re Linsenbach*, 482 B.R. 522, 526 (Bankr. M.D. Pa. 2012) (citing *In re Miller*, 447 B.R. 425, 433 (Bankr. E.D. Pa. 2011) (citation omitted); *In re Frankel*, 391 B.R. 266, 271 (Bankr. M.D. Pa. 2008) (citations omitted)). "Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992) (citing *In re University Medical Center*, 973 F.2d 1065, 1087–88 (3d Cir. 1992)).

1. *Count I of the Amended Adversary Complaint, as to a § 362(a)(1) & (k) Violation, Pleads a Plausible Claim for Relief.*

Plaintiff claims Movants violated the automatic stay imposed by § 362(a)(1) when they filed and pursued the State Court Petition. Plaintiff claims this violation was willful, and he is therefore entitled to recover actual damages pursuant to § 362(k). As mentioned above, Plaintiff can prove a willful violation of the automatic stay occurred by showing that: (1) a violation of the stay occurred; (2) the creditor had knowledge of the bankruptcy case when acting; and (3) the

7

Case 5:19-ap-00108-RNO    Doc 36    Filed 06/02/20    Entered 06/02/20 08:52:21    Desc
Main Document    Page 7 of 15

violation caused actual damages. *In re Linsenbach*, 482 B.R. at 526 (citations omitted). The Court will first consider whether Movants had knowledge of Plaintiff's bankruptcy case when they filed the State Court Petition.

Plaintiff filed his bankruptcy petition on August 4, 2018. Plaintiff makes multiple assertions throughout the Amended Adversary Complaint that Defendants and the state court had notice and/or knowledge of his bankruptcy case. *See* Am. Adversary Compl. at ¶¶ 46, 63(b), 77(d), 79-80, & 183(c)-(e), 5:19-ap-00108-RNO, ECF No. 3. Notably, attached to the Amended Adversary Complaint is an exchange of text messages between Plaintiff and Wendolowski on August 20, 2018. *Id.* at Exhibit 11. In this exchange, Plaintiff specifically states that he filed a Chapter 13 bankruptcy petition. *Id.* The State Court Petition was filed on September 13, 2018. *Id.* at ¶ 65. Based on the foregoing, viewing the facts in the light most favorable to Plaintiff, Wendolowski had knowledge of Plaintiff's Chapter 13 bankruptcy case prior to filing the State Court Petition.

Under Pennsylvania law, the attorney/client relationship is considered an agent/principal relationship. *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 853 (3d Cir. 1996). A general rule in agency law, that "adequate notice to or actual knowledge acquired by an agent is imputed to the principal," applies to the relationship between an attorney and his client. *In re Crawford*, 388 B.R. 506, 520 (Bankr. S.D.N.Y. 2008) (quoting *In re Linzer*, 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001) (citation omitted)). As such, knowledge of an attorney is generally imputed to his client. *Schlier v. Rice*, 630 F. Supp. 2d 458, 469 (M.D. Pa. 2007) (citations omitted). Because the Court finds Wendolowski had knowledge of Plaintiff's bankruptcy case and because Wendolowski was Popple's attorney at all relevant times, this knowledge is imputed to Popple. The Court will now turn its attention to whether or not Movants violated the automatic stay.

Plaintiff argues Movants violated § 362(a)(1) by filing the State Court Petition. In short, § 362(a)(1) stays any action, including judicial proceedings, against a debtor that "was or could have been commenced before" the filing of the bankruptcy case, subject to some limitations. This section "provides for a broad stay of legal proceedings against the debtor." *In re St. Vincent*, 2011 WL 1258479, at *2 (Bankr. N.D. Ill. Apr. 1, 2011) (citation omitted); 3 Collier on Bankruptcy P 362.03 (16th 2020).

The State Court Petition was filed, post-petition, on September 13, 2018;[4] it includes a motion to strike the Default Judgment as well as seeks sanctions for attorneys' fees incurred by Movants in litigating the State Court Petition. Mot. to Dismiss, Exhibit D, 5:19-ap-00108-RNO, ECF No. 13-3. The Default Judgment was entered, pre-petition, on March 20, 2018. Am. Adversary Compl. at ¶ 15, 5:19-ap-00108-RNO, ECF No. 3. Debtor's bankruptcy petition was filed on August 4, 2018. Movants could have lawfully filed the State Court Petition prior to the commencement of Plaintiff's bankruptcy case, at least in relation to the motion to strike the Default Judgment and the request for sanctions. Additionally, Movants state in their Motion to Dismiss that "there has been no action taken against [Plaintiff], *short of his being sanctioned by the state court*." Mot. to Dismiss at ¶ 27, 5:19-ap-00108-RNO, ECF No. 11 (emphasis added). Therefore, Plaintiff pled sufficient facts to survive a motion to dismiss as to whether Movants violated the automatic stay imposed by § 362(a)(1).[5] The Court will now turn its attention to whether Plaintiff suffered actual damages.

---

[4] Am. Adversary Compl. at ¶ 65, 5:19-ap-00108-RNO, ECF No. 3.
[5] *Compare In re Denby-Peterson*, 941 F.3d 115 (3d Cir. 2019) *with* the case before the Court. In *Denby-Peterson*, the Third Circuit found that it was not a violation of the automatic stay when, post-petition, a creditor failed to return to the debtor a vehicle which it had repossessed pre-petition. 941 F.3d at 126. In the case before the Court, Movants, with apparent notice of Plaintiff's bankruptcy case, took affirmative, post-petition action against him and property of the estate. The Court finds the facts of *Denby-Peterson* readily distinguishable from the facts at bar.

As stated in the preceding paragraph, Movants filed the State Court Petition on September 13, 2018. Am. Adversary Compl. at ⁋ 65, 5:19-ap-00108-RNO, ECF No. 3. The court in the Second State Court Action filed the State Court Petition Order on September 28, 2018. *Id.* at ⁋ 95. The State Court Petition Order specifically sanctions Plaintiff by ordering him to pay Movants' attorneys' fees incurred in litigating the State Court Petition. *Id.* at Exhibit 25. Plaintiff suffered actual damages as a result of Movants' actions which violated the automatic stay.

Movants argue that Plaintiff waived his rights to the protections of the automatic stay by (1) proceeding with litigation in the Second State Court Action; and (2) failing to notify Movants or the state court that he had filed a bankruptcy petition. Mot. to Dismiss at 3-4, 9-10, & 12-13, 5:19-ap-00108-RNO, ECF No. 11. To support this argument, Movants cite *In re Siciliano*, 13 F.3d 748 (3d. Cir. 1994) and *In re Izzi*, 196 B.R. 727 (Bankr. E.D. Pa. 1996). Both cases are readily distinguishable. Movants emphasize these cases in relation to a debtor who intentionally conceals his/her bankruptcy filing. *Id.* Here, the Court has already found that Movants had some knowledge of Plaintiff's bankruptcy case when they acted in violation of the automatic stay.

Viewing the facts in the light most favorable to the non-moving party, Plaintiff has pled a plausible claim for relief regarding his § 362(a)(1) & (k) willful violation claim. The Court will now analyze whether Plaintiff pled a plausible claim for relief regarding his § 362(a)(3) & (k) willful violation claim.

   2. *Count I of the Amended Adversary Complaint, as to a § 362(a)(3) & (k) Violation, Pleads a Plausible Claim for Relief.*

Plaintiff claims Movants also willfully violated the automatic stay pursuant to § 362(a)(3) when they filed the State Court Petition. Plaintiff again asserts his right to recover actual damages for this willful violation pursuant to § 362(k). The Court will analyze this claim under the same three-factor *Linsenbach* test utilized in the preceding section.

10

The Court already found that Movants had timely knowledge of Plaintiff's bankruptcy case. The Court will now look at whether Movants violated the automatic stay when they filed the State Court Petition.

Section 362(a)(3) imposes a stay that specifically prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Section 541(a)(1) provides that the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Additionally, Plaintiff's underlying bankruptcy case was filed under Chapter 13 of the Bankruptcy Code. Property of the estate is more inclusive in a Chapter 13 case because it also includes property acquired post-petition. See 11 U.S.C. § 1306; *In re Michael*, 699 F.3d 305, 309 (3d Cir. 2012).

Plaintiff argues that the Default Judgment became property of the estate at the moment he filed bankruptcy. Am. Adversary Compl. at 30, 5:19-ap-00108-RNO, ECF No. 3. Plaintiff further argues that the filing of the State Court Petition constituted an act by Movants to either obtain possession of property of the estate or to exercise control over property of the estate. *Id.* at 30-31. Again, the State Court Petition sought to strike the Default Judgment and to sanction Plaintiff. *Id.*

The Pennsylvania Rules of Civil Procedure define the term "judgment" as "a judgment, order or decree requiring the payment of money entered in any court which is subject to these rules. . ." Pa.R.C.P. 3020. A judgment is considered property. *Burns v. PA Dep't of Correction*, 544 F.3d 279, 288 (3d Cir. 2008). The Default Judgment represents a money judgment in the amount of $140,000 which Plaintiff obtained, on behalf of CSE and against Popple, on March 20, 2018. Am. Adversary Compl. at ₱ 15, 5:19-ap-00108-RNO, ECF No. 3. On July 24, 2018,

11

Brannon and CSE assigned the Default Judgment to Plaintiff. *Id.* at ¶ 35. Subsequently, the Default Judgment became property of the estate at the moment Plaintiff filed his bankruptcy petition on August 4, 2018. *See* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 1306(a)(1).

On September 13, 2018, Movants filed the State Court Petition. Am. Adversary Compl. at ¶ 65, 5:19-ap-00108-RNO, ECF No. 3. This filing was made more than forty (40) days post-petition. The State Court Petition sought to strike the Default Judgment and to impose sanctions against Plaintiff. Mot. to Dismiss, Exhibit D, 5:19-ap-00108-RNO, ECF No. 13-3. Regardless of whether it was successful, the mere post-petition filing of the State Court Petition without relief from the bankruptcy court was a violation of the automatic stay imposed by § 362(a)(3). The Court will now determine whether Plaintiff suffered damages as a result of Movants' actions.

The State Court Petition Order specifically sanctions Plaintiff by ordering him to pay Movants' attorneys' fees incurred in litigating the State Court Petition. Am. Adversary Compl. at Exhibit 25, 5:19-ap-00108-RNO, ECF No. 3. The filing of the State Court Petition represents a post-petition act by Movants to obtain property of the estate which caused Plaintiff actual damages. Additionally, the State Court Petition Order strikes the Default Judgment. *Id.* In the State Court Petition, movants claimed the Default Judgment was facially defective. Mot. to Dismiss, Exhibit D, 5:19-ap-00108-RNO, ECF No. 13-3. In Pennsylvania, a judgment found to be facially defective is treated void *ab initio* as a legal nullity. *Oswald v. WB Pub. Square Assocs., LLC*, 2013 PA Super 289, 80 A.3d 790, 797 (2013) (citations omitted). As such, this finding in the State Court Petition Order would deprive the bankruptcy estate of a potential asset of $140,000. This causes particular concern because of its potential to deprive Plaintiff's creditors of a potential source of recovery for their claims.

Viewing the facts in the light most favorable to the non-moving party, Plaintiff has also pled a plausible claim for relief regarding his § 362(a)(3) & (k) willful violation claim.

**C. Movants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(1) Is Denied.**

Movants further claim the Amended Adversary Complaint should be dismissed for lack of subject matter jurisdiction. Movants argue the Court lacks subject matter jurisdiction under a facial, and alternatively, a factual F.R.C.P. 12(b)(1) challenge because (1) Movants did not take action against Plaintiff for a pre-petition obligation; (2) Movants did not seek to enforce a judgment against Plaintiff or against his property with respect to a pre-bankruptcy judgment; and (3) Plaintiff waived jurisdiction before this Court due to his actions/inactions in the State Court Actions. Mot. to Dismiss at 14-15, 5:19-ap-00108-RNO, ECF No. 11.

F.R.C.P. 12(b)(1) challenges may be either facial or factual challenges. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). Where an F.R.C.P. 12(b)(1) motion is filed prior to an answer, it will be considered a facial challenge to jurisdiction. *Hendrick v. Aramark Corp.*, 263 F. Supp. 3d 514, 517 (E.D. Pa. 2017) (citation omitted). As such, a court must apply the same standard of review that would apply for an F.R.C.P. 12(b)(6) motion. *Id.* (citation omitted).

As of the date of this Opinion, no answer has been filed to the Amended Adversary Complaint. Therefore, the Court will treat Movants' F.R.C.P. 12(b)(1) challenge as a facial challenge. Under this standard of review, the Court finds that Plaintiff asserted a colorable claim of subject matter jurisdiction.

First, Count I of the Amended Adversary Complaint claims Movants willfully violated the automatic stay pursuant to § 362(a)(1), (a)(3), & (k). If valid, such an action is within the Court's jurisdiction as a core proceeding. *In re Healthcare Real Estate Partners, LLC*, 941 F.3d

13

64, 70 (3d Cir. 2019). The Court has already found that Plaintiff has pled plausible claims for relief in relation to these alleged violations. Second, Movants cite no caselaw as to how their three above-mentioned arguments satisfy either a facial or factual F.R.C.P. 12(b)(1) challenge.

Movants provide a further argument for dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine. Mot. to Dismiss at 15-16, 5:19-ap-00108-RNO, ECF No. 11. Under the *Rooker-Feldman* Doctrine, the Third Circuit has concluded that four requirements must be met for the doctrine to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005)).

Movants confess that they cannot satisfy the third element of the *Rooker-Feldman* test. Mot. to Dismiss at 15-16, 5:19-ap-00108-RNO, ECF No. 11. However, this is incorrect. The State Court Petition Order was entered on September 28, 2018. Am. Adversary Compl. at ¶ 95, 5:19-ap-00108-RNO, ECF No. 3. The adversary proceeding was commenced on October 28, 2019. Clearly, the State Court Petition Order was rendered before the federal suit was filed.

Nonetheless, the Court finds that the second element, that Plaintiff is complaining of injuries caused by a state court judgment, is not satisfied here. The Amended Adversary Complaint is not asking the Court to improperly act as an appellate court over the State Court Petition Order. Rather, Plaintiff complains of injuries caused by alleged violations of the

automatic stay provisions of the Bankruptcy Code. The *Rooker-Feldman* doctrine is inapplicable to the facts at bar.[6]

The Motion to Dismiss for lack of subject matter jurisdiction pursuant to F.R.B.P. 7012(b)(1) is denied.

## IV.     CONCLUSION

The Motion to Dismiss is denied. Judgment will be entered consistent with this Opinion. Movants will be required to file their answer(s) to the Amended Adversary Complaint within twenty-one (21) days.

Dated: June 2, 2020                                      By the Court,

*[signature]*

Robert N. Opel, II, Bankruptcy Judge (BI)

---

[6] To support their *Rooker-Feldman* Doctrine argument, Movants argue that Plaintiff's alleged non-disclosure of his bankruptcy case in the Second State Court Action should nullify the need to satisfy the alleged missing third element. *Id.* Assuming that Movants would instead apply this argument to the second element of the *Rooker-Feldman* Doctrine, the Court has already found that Wendolowski had some knowledge of Plaintiff's bankruptcy case before the State Court Petition was filed. Additionally, Movants provided no case law to support this assertion in relation to the third element, so the Court will refrain from applying such an argument to the second element.